ELISHA WILMARTH *vs.* BENJAMIN B. KNIGHT & others.

Upon several warrants upon complaints for flowing lands, which the law requires to be tried before the same jury, the fees of the sheriff, for service, summoning jurors, and notifying the parties, and his compensation for presiding at the trial, are to be the same as if there had been one warrant, and are to be apportioned equally among the cases.

APPEAL to the court of common pleas from the clerk's taxation of a bill of costs. Hearing in Bristol at September term 1858, before *Briggs*, J., who signed this bill of exceptions :

" It appeared that the action was a complaint for flowage, and was brought at the same term of this court with two other suits by the same parties against the same respondents for flowage by the same dam, and warrants were ordered to be issued to the sheriff in each of the cases at the same term.

" The complainants took out several warrants in each case, but the sheriff tried all the cases together, and committed them to the same jury at the same time. The verdicts at the first trial were set aside, and a new trial in all the cases ordered. At the second trial several warrants were taken in each case and placed in the hands of the sheriff, who submitted them all to the same jury at the same time, as at the first trial. The sheriff charged at each trial sundry fees in each case for executing the warrants as if there were no other warrant in his hands to be executed.

" To the allowance of the fees thus charged the respondents objected, and claimed that the sheriff ought to have charged but one bill of fees and expenditures for all the cases, so that the costs of the trial might be taxed either jointly or severally, as the court should deem equitable.

" They also objected that there were no sufficient vouchers or particulars of the payments and charges, or sufficient certificates of the services rendered by under officers, or of the fees to which they were entitled, and that the fees charged by the sheriff were without authority of law and unreasonable.

" But the court overruled the objections, and affirmed the decision of the clerk, allowing the bill as taxed. By which ruling the defendants are aggrieved, and except thereto."

*C. W. Thrasher*, for the respondents, cited Rev. Sts. *c.* 116, §§ 13, 14; *c.* 24, § 15; *Richardson* v. *Curtis*, 2 Cush. 346, and 2 Gray, 497; *Wyman* v. *Lexington & West Cambridge*, 13 Met. 24.

*J. Daggett*, for the complainants.

HOAR, J. When three warrants are given to the sheriff in cases for flowing lands, which the law requires to be tried before the same jury, he is to serve them as if they were but one, and to charge for the service, and for summoning jurors, and notifying the parties, the same fees as if there were but one warrant; and the compensation to be allowed him for presiding is to be the same as if the same time were occupied upon the trial of one case. *Richardson* v. *Curtis*, 2 Cush. 341. These costs for service of the warrants and presiding at the trial are to be apportioned equally between the three cases.

If the compensation allowed by the court of common pleas for presiding at the trial was fixed at the whole sum taxed in the three cases, then it is already rightly apportioned. But if the whole sum allowed has been charged in each case, then two thirds of the charge in each case is to be deducted.